No. 32,226

The Citizens Building and Loan Association of Emporia, *Appellee*, v. Albert M. Spencer and Alice H. Spencer, *Appellants*, et al.

(44 P. 2d 901)

Opinion filed May 4, 1935.

*C. C. McCullough,* of Emporia, for the appellants; *Albert M. Spencer,* pro se. *W. C. Harris* and *W. L. Harris,* both of Emporia, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by a building and loan association to recover from the makers of a promissory note given to the association, and to foreclose a real-estate mortgage securing the note. Judgment was rendered pursuant to the prayer of the petition, an order of sale was issued, the real estate was sold to the association for the full amount of the judgment, the sale was confirmed, and a certificate of sale was issued to the purchaser. Afterwards, but in due time, defendants appealed from the judgment on the ground the judgment included interest on the indebtedness at too high a rate.

The note, which was payable in monthly installments, and the

mortgage, were dated August 22, 1930. The answer alleged the association had been doing business under the statute relating to issuance of rural-credit shares and investment of funds obtained from that source. The association orally represented that the loan to defendant, for which the note and mortgage were given, was made from rural-credit funds. The statute provided that rural-credit mortgage notes should draw a definite rate of interest, but the rate should not exceed by more than 1½ per cent the average rate of interest or dividends paid on rural-credit shares. The note bore interest at the rate of 6½ per cent per annum. In February, 1932, the association ceased to pay interest or dividends on rural-credit shares, and the answer alleged that no interest should be charged on the note after February, 1932, or at most, interest should not be charged at a rate greater than 1½ per cent per annum. This was the sole defense, execution of note and mortgage and default being expressly admitted. The association replied by a general denial.

The case came on for trial in May, 1934. Defendants were represented by counsel. The record shows the association introduced its evidence and rested. The defendants introduced no evidence, and the judgment followed as a matter of law. Defendants filed no motion for a new trial, and the judgment became absolute.

The defendant, Albert M. Spencer, appeared in this court and made the statement of his case. He said he was not notified of the time the case would be tried. The association was not required to give notice of the time the case would be tried. Parties must themselves keep track of the progress of their lawsuits in court. Besides that, defendants were represented at the trial by their attorney, and no showing has ever been made to the district court that defendants were prevented from defending because of unavoidable casualty or misfortune.

Cases must be conducted in court according to the rules of civil procedure established by the legislature, or chaos would reign in the administration of justice. This case was disposed of by the district court in accordance with those rules, and the district court has done nothing for which it may be reversed.

The foregoing disposes of the case. In order, however, that defendants may understand they were not unjustly treated, a few words may be added.

Because of certain statutes relating to taxation, the rural-credit business of building and loan associations flourished for a time.

Consequent on a change in the tax laws, the business declined. Defendants' answer alleged that the plaintiff association ceased paying interest or dividends on rural-credit shares in February, 1932. It was admitted in this court that the rate of interest or dividend had theretofore been five per cent. Defendants' default occurred nearly a year after February, 1932. There was then no rural-credit standard by which to compute the interest defendants should pay, and the rate specified in the contract controlled. If the last rural-credit rate were to be applied, defendants were not overcharged. Doubtless this was the view of the attorney who represented defendants at the trial.

In his statement to the court Mr. Spencer said the rate of interest did not occasion his default, and would have no bearing on his ability to redeem.

The judgment of the district court is affirmed.